IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY AYERS WILKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-426-ALB-WC |
| | ) | [WO] |
| TALLAHASSEE MEMORIAL | ) | |
| HOSPITAL BHC, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 18, 2019, Plaintiff Larry Ayers Wilke ("Wilke" or "Plaintiff") filed this 42 U.S.C. § 1983 action. Doc. 1.  However, Wilke did not file the $350 filing fee and $50 administrative fee necessary when a plaintiff is not proceeding *in forma pauperis*, nor did he submit a motion for leave to proceed *in forma pauperis*.  On June 28, 2019, the court entered an order requiring Wilke to "either file [a] motion for leave to proceed *in forma pauperis* with the accompanying application, or if Plaintiff does not seek to proceed *in forma pauperis*, he must submit to the Clerk of Court the $350 filing fee and $50 administrative fee," on or before July 8, 2019. Doc. 3. The court specifically cautioned Wilke that failure to comply with this order would result in a recommendation that this case be dismissed.  *Id*.

To date, Wilke has failed to comply with the court's order to submit the filing fee or file a motion for leave to proceed *in forma pauperis*.  Instead, on July 29, 2019, Wilke filed a Brief in Support of Common Sense (Doc. 4), in which Wilke addresses a variety of

topics, none of which involve payment of the filing fee in the instant matter. *See* Doc. 4. For example, Wilke asserts that, at great expense to himself, he has served all of the defendants in this case, including the hospital, the nurses, the psychiatrist, the public defender, the police officers, "and others." Doc. 4 at 1.  It appears Wilke is not filing in response to the correct case.  Currently, Wilke has three active cases in this court, and it appears Wilke is referencing *Wilke v. Troy Regional Medical Center, et al.*, 2:19-cv-400-ECM-WC, where his complaint does, in fact, name a hospital, a psychiatrist, his former attorney, multiple police officers, and others.  Whereas, here, Wilke asserts claims against two medical centers, the City of Troy, all nine Justices of the Supreme Court of the United States, the entire Eleventh Circuit Court of Appeals, and judges from a various other courts, including this court.  Further, Wilke's response asserts additional allegations against various people unrelated to this case, and he discusses his status as an informant for the Government and a whistleblower. Doc. 4 at 2–3.  None of these assertions are responsive to the court's order (Doc. 3).

Finally, Wilke also states that his wife has control of $100,000 of his money but she is in poor mental health. Doc. 4 at 3.  However, Wilke does not discuss anything beyond simply providing this statement.  Wilke made no claim that he is attempting to access the money to pay the filing fee, nor did he request additional time to pay the filing fee.

As of the present date, Wilke has failed to comply with the court's order (Doc. 3). The court, therefore, concludes that this case is due to be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule,

where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to file the requisite fees or provide the court with a motion for leave to proceed *in forma pauperis* in compliance with the order of this court.

It is further

ORDERED that Plaintiff may file any objections to this Recommendation **on or before September 5, 2019**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

3

DONE this 22nd day of August 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE